UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANN HORNBY,<br><br>                   Plaintiff,<br><br>v.<br><br>GENERAL MOTORS, LLC, a limited liability company; and DOES 1 through 10, inclusive,<br><br>                   Defendants. | Case No.: 3:24-cv-00079-JAH-VET<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>**[ECF No. 5]** |

      Pending before the Court is Defendant General Motors, LLC's ("Defendant") Motion to Dismiss. ECF No. 5 ("Mot."). Plaintiff Ann Hornby ("Plaintiff") filed a Response in Opposition to Defendant's Motion, ECF No. 6 ("Opp'n"), and Defendant filed a Reply, ECF No. 7 ("Reply"). The Motion is decided on the parties' briefs without oral argument pursuant to Civil Local Rule 7.1.d.1. After a thorough review of the record, and for the reasons set forth below, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's Motion to Dismiss.

//
//
//

# I.

# BACKGROUND[1]

Plaintiff purchased[2] a 2021 Chevrolet Bolt (the "Vehicle") from F.H. Dailey Chevrolet, a General Motors authorized dealer. ECF No. 1-2 ("Compl.") ¶ 6. The Vehicle was sold with an express warranty that it would be free from defects and an implied warranty that it "would be of the same quality as similar vehicles sold in the trade and . . . would be fit for the ordinary purposes for which similar vehicles are used." *Id.* ¶¶ 7-8. Plaintiff informed Defendant of any "defects, non-conformities, misadjustments, or malfunctions . . . . demanding that the authorized repair facilities repair such nonconformities pursuant to the warranties[,]" to no avail. *Id.* ¶ 10.

Defendant first became aware of issues with the battery in the Chevrolet Bolt in 2016. *Id.* ¶ 16. Subsequently, in 2017, the National Highway Traffic Safety Administration (NHSTA) released a warning indicating overcharging lithium-ion batteries can result in spontaneous ignition. *Id.* ¶ 17. In November 2017, April 2018, and August 2018, Defendant created repair programs to address issues with the battery. *Id.* ¶¶ 19-22. In March 2019, Defendant learned of the first battery fire involving the Chevrolet Bolt. *Id.* ¶ 23. By August 2020, Defendant was aware of at least 12 fires involving the Chevrolet Bolt. *Id.* ¶ 25. That same year, marketing materials displayed the vehicle being charged indoors. *Id.* ¶ 29. Defendant issued a recall notice for the Chevrolet Bolt in 2021 on the basis that the Vehicle's batteries may ignite when nearing a full charge. *Id.* ¶ 30. Plaintiff alleges she was warned against exceeding the vehicle's charge beyond 90%, the battery mileage falling below seventy miles, or parking the vehicle indoors overnight. *Id.* As a result, Plaintiff must take precautions that interfere with her expected use of the vehicle. *Id.* ¶ 31. Plaintiff further asserts she has suffered injury in the form of anxiety, fear, and

---

[1] The following is a recitation of pleaded facts and is not to be construed as factual findings.

[2] It is unclear when the Vehicle was purchased as the Complaint provides April 24, 2021, [Compl. ¶ 6], and September 6, 2020, [Compl. ¶ 25], as purchase dates.

emotional distress. *Id.* ¶ 32. Plaintiff would not have purchased the Vehicle "if [she] had known it was neither safe nor functioned as advertised[.]" *Id.* ¶ 45.

On December 7, 2023, Plaintiff filed a complaint against Defendant in the Superior Court of the State of California for the County of San Diego asserting five causes of action: (1) breach of express warranty in violation of the Song-Beverly Act; (2) breach of implied warranty in violation of the Song-Beverly Act; (3) violation of Section 1793.2 of the Song-Beverly Act; (4) fraud; and (5) violation of California Business & Professions Code Section 17200. Defendant removed the action to this Court on January 11, 2024. ECF No. 1 ("Notice of Removal").

## II.
## LEGAL STANDARD

### A.     Rule 12(b)(6)

A motion to dismiss can be granted for failure to state a claim upon which relief can be granted. FED. R. CIV. PRO. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).[3] A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, legal conclusions need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003); *W. Min. Council v.*

---

[3]     Unless otherwise noted, internal quotation marks, ellipses, brackets, citations, and footnotes are omitted from citations.

*Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  When ruling on a motion to dismiss, the Court may consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when authenticity is not contested and matters of which the Court takes judicial notice.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

**B.    Rule 9(b)**

Under Rule 9(b) of the Federal Rules of Civil Procedure, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  FED. R. CIV. P. 9(b).  "Malice, intent, knowledge and other conditions of a person's mind may be alleged generally."  *Id*.  In the Ninth Circuit, the basic notice requirements of Rule 9(b) require complaints pleading fraud to set forth "the who, what, when, where, and how" of the misconduct charged."  *Vess v. Ciba-Geigy Corp., U.S.A.*, 317 F.3d 1097, 1106 (9th Cir. 2003); *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997).

## III.

## DISCUSSION

Defendant moves to dismiss the Complaint's fourth cause of action for fraud and fifth cause of action for violation of California Unfair Competition Law ("UCL"), Business & Professions Code Section 17200, arguing:  (1) the fraud claims are not pleaded with particularity; (2) Plaintiff fails to allege facts showing Defendant had knowledge of material facts prior to Plaintiff's purchase; (3) EPA estimates cannot form the basis for a misrepresentation claim; (4) Plaintiff's fraudulent concealment claims fail as a matter of law; and (5) Plaintiffs claims under the UCL are deficient.[4]  Mot. at 4.

---

[4]    Defendant also asks the Court to take judicial notice of information of the mileage range estimates located on the Environmental Protection Agency's website. ECF No. 5-2. Plaintiff did not file an opposition to Defendant's request.  Information contained on government agency websites, such as the EPA, has "often been treated as proper subjects for judicial notice." *Paralyzed Veterans of Am. v. McPherson,* No. C064670SBA, 2008 WL 4183981, *5 (N.D. Cal. Sept. 8, 2008).  However, because the Court does not rely on

A.    **Fraud**

Plaintiff's fourth cause of action asserts fraud under theories of affirmative misrepresentation and fraudulent concealment. Compl. ¶¶ 80, 86. Additionally, Plaintiff's fifth cause of action under the fraudulent prong of the UCL is based on misrepresentation. *Id.* at ¶ 117. Defendant contends that Plaintiff fails to plead the fraud claims with the requisite specificity as required by Rule 9(b). Mot. at 9. Plaintiff does not substantively address the merits of Defendant's argument, but merely recounts the heightened pleading requirements without addressing Defendant's motion. Opp'n at 5-6. Plaintiff's failure to sufficiently address Defendant's argument is deemed a waiver for purposes of this motion. *Qureshi v. Countrywide Home Loans, Inc.*, No. C 09–4198 SBA, 2010 WL 841669, *6 n.2 (N.D. Cal. Mar. 10, 2010) (holding that plaintiff's failure to address in opposition brief claims challenged in a motion to dismiss amounts to an "abandonment of those claims") (*citing Jenkins v. Cnty. of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005)). The Court nonetheless determines the merits of Defendant's arguments.

i.    **Affirmative Misrepresentation (Fourth Cause of Action)**

To plead affirmative misrepresentation under California law, Plaintiff must allege: (1) misrepresentation; (2) knowledge of falsity; (3) intent to defraud; (4) justifiable reliance; and (5) resulting damages. *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 990 (2004) (citing *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996)). For affirmative misrepresentation claims, "the Complaint must allege the 'who, what, when, where, and how of the misconduct charged' and explain 'what is false or misleading about a statement, and why it is false.' " *Epperson v. Gen. Motors, LLC*, ---F.Supp.3d----, 2023 WL 8628327, at *3 (S.D. Cal. Dec. 13, 2023) (quoting *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010)). In pleading affirmative misrepresentation, the Complaint alleges Defendant and Defendant's employees "willfully, falsely, and knowingly marketed

---

the EPA mileage estimates in resolving the instant motion, the Request for Judicial Notice is denied as moot.

the subject vehicle as having long range capability" through marketing materials on Defendant's website and "echoed by dealership personnel at the time of sale." Compl. at ¶ 80.

Regarding allegations relating to marketing materials, fatally absent from the Complaint is any specific reference to when Plaintiff was exposed to alleged misrepresentations, which statements she found material, or which statements she relied upon in making her decision to purchase the Vehicle. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009); *Poston v. General Motors, LLC*, No. 24-cv-0082-BAS-JLB, 2024 WL 3558377, *8 (S.D. Cal. Jul. 22, 2024) ("[Plaintiff] also does not detail which misrepresentations he *found* to be material, rather, he conclusively states that they *were* material.") (emphasis in original). For instance, the Complaint directly quotes alleged misrepresentations by employee Adam Piper in October 2019 where he states, "We engineered the battery system so that you can charge to 100% and maximize range. Do whatever is best for your personal circumstances. If you want maximum range, charge to 100%." Compl. ¶ 24. However, Plaintiff omits any allegation of relying on this particular statement or where and when she was exposed to this alleged misrepresentation.

Similarly, Plaintiff's vague allegations do not establish a knowledge of falsity. To establish knowledge of falsity the Complaint states Defendant became aware of "issues with the battery and energy management" with the Vehicle in 2016; the NHTSA published a warning regarding the type of batteries in the Vehicle in 2017; Defendant notified dealerships of unspecified "issues" with the batteries "related to the battery's software and its ability to monitor the charge of the battery" in 2018; and Defendant became aware of the first battery fire in 2019. Compl. ¶¶ 16-23. The connection between unspecified issues with the Vehicle's batteries and one car fire in 2019 is too tenuous to establish with particularity Defendant's knowledge of the alleged defects with Plaintiff's vehicle purchased in 2021.

In failing to sufficiently allege the who, what, when, and where of the alleged misrepresentations, Plaintiff fails to meet the heightened pleading standard required to

sustain the affirmative misrepresentation claim. Accordingly, Defendant's Motion to Dismiss with respect to affirmative misrepresentation is **GRANTED**.

### ii. Fraudulent Concealment (Fourth Cause of Action)

A claim for fraudulent concealment under California law requires: (1) concealment of material fact; (2) duty to disclose the fact; (3) intentional concealment or intent to defraud; (4) that Plaintiff would have acted differently had she known the concealed fact; and (5) damages. *Smith v. Ramis*, 647 F. App'x 679, 681-82 (9th Cir. 2016). Some courts use a relaxed standard because "a plaintiff in a fraudulent concealment suit will not be able to specify the time, place, and specific content of an omission as precisely as would a plaintiff in a false representation claim." *Baggett v. Hewlett-Packard Co.*, 582 F.Supp.2d 1261, 1267 (C.D. Cal. 2007) (citation and quotation omitted). As such, a fraudulent concealment claim "can succeed without the same level of specificity required by a normal fraud claim." *Id.*

As with the claim for affirmative misrepresentation, even under a relaxed pleading standard, Plaintiff does not provide sufficient allegations to sustain a fraudulent concealment claim. Plaintiff fails to allege precisely what "specific affirmative acts [d]efendants took 'in hiding, concealing[,] or covering up the [material facts] complained of.'" *Cho v. Hyundai Motor Co., Ltd.*, 636 F.Supp.3d 1149, 1166 (C.D. Cal. 2022) (quoting *Herron v. Best Buy Co. Inc.*, 924 F.Supp.2d 1161, 1176 (E.D. Cal. 2013)). In fact, the allegations that Defendant issued a recall notice in 2021 stating the batteries may ignite if they exceed 90% charge or fall below seventy miles remaining undercuts Plaintiff's attempt to establish Defendant's intentional concealment of a material fact.

Because Plaintiff fails to plead the claim with the requisite specificity, Defendant's Motion to Dismiss as to fraudulent concealment is **GRANTED**.

### iii. Fraudulent Prong of UCL Claim (Fifth Cause of Action)

California's UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. "Each prong of the UCL is a separate and distinct theory of liability" and "an independent basis for relief." *Lozano v. AT&T Wireless*

*Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007) (citing South Bay Chevrolet v. Gen. Motors Acceptance Corp., 72 Cal.App.4th 861, 886 (1999). Plaintiff contends Defendant violated the UCL under all three prongs. Compl. ¶¶ 94-121. Defendant moves to dismiss Plaintiff's UCL claim as to the fraudulent prong on the grounds it lacks the specificity required by Rule 9(b). *See In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2016 WL 3029783, *34 (N.D. Cal. May 27, 2016) ("Claims under the fraud prong of the UCL are subject to the particularity requirements of Federal Rule of Civil Procedure 9(b).") (citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009)).

Here, Plaintiff alleges fraud under the UCL based on a theory of affirmative misrepresentation, reciting the same allegations of fraud used to support the insufficiently pleaded affirmative misrepresentation claim, [*see supra* III.A.i], referred to above. Specifically, Plaintiff contends "Defendant's use of a defective battery…is false, deceptive, misleading, and unreasonable, and constitutes fraudulent conduct." Compl. ¶ 115. Because Plaintiff's claim for a violation of the UCL's fraudulent prong relies on the same allegations, the fraud prong of the UCL also fails to state a claim.

As such, Plaintiff fails to state a claim for fraud under the UCL and **GRANTS** the Motion to Dismiss with respect to that claim.

**B.     Rule 9(b)'s Knowledge Requirement**

In addition to the contention that Plaintiff fails to meet the heightened pleading requirements under Rule 9(b), Defendant also argues Plaintiff's claims for affirmative misrepresentation and fraudulent concealment fail to plausibly allege Defendant's knowledge of the alleged defect at or before the time of the purchase. Rule 9(b) provides that knowledge need only be alleged generally. FED. R. CIV. P. 9(b).

Plaintiff sets forth two bases alleging Defendant's knowledge of the defective batteries. First, Plaintiff contends Defendant had knowledge in 2016 when Defendant was made aware of "issues with the battery and energy management issues." Compl. ¶ 16. Even so, Plaintiff fails to establish the relation between the generalized issues referenced in 2016 and Defendant's knowledge of the specific range and safety issues of concern in

1  this case. *See, e.g., Vidana v. Gen. Motors LLC*, No. 223CV06986MCSAGR, 2024 WL 1680064, at *4 (C.D. Cal. Feb. 27, 2024) (finding knowledge has not been established where Plaintiff fails to establish low voltage issues are related to the range and safety issues).

Second, Plaintiff contends Defendant had knowledge of the defect in the battery after the first battery fire in March 2019, and the 12 subsequent fires involving the Chevrolet Bolt. Compl. ¶¶ 23, 25. Aside from the first fire in March 2019, the Complaint does not set forth any factual basis as to the cause of the fires, whether any of the subsequent fires were battery related fires, or how Defendant was made aware of such fires. The occurrence of one fire is insufficient to establish Defendant had knowledge of defects in all batteries. *See Vidana*, 2024 WL 1680064, at *4 ("[p]laintiff's allegation that fires occurred in a small number of Bolts" was deemed insufficient to establish knowledge on behalf of the defendant); *Walters v. Gen. Motors LLC,* No. CV2306982MWFBFMX, 2024 WL 1641817, at *3 (C.D. Cal. Mar. 19, 2024) (finding the plaintiff failed to allege knowledge where plaintiff did not set forth "facts of how Defendant became aware, how [the fire] relates to the Subject Vehicle, or that Defendant had knowledge of the safety issues regarding the Subject Vehicle."). As such, the fraud claims also fail because the Complaint insufficiently alleges Defendant's knowledge of the alleged battery defect.

C.   **EPA Mileage Range Estimates (Fourth Cause of Action)**

Notwithstanding the deficiencies discussed above, Defendant also asserts that the fraud claims fail because they are based on unactionable EPA mileage range estimates. Mot. at 9. Plaintiff neglects to address this in her Opposition.

The Ninth Circuit has held "there is nothing false or misleading about a car manufacturer's advertising that identifies the EPA fuel economy estimates for the car." *Gray v. Toya Motor Sales, U.S.A., Inc.*, 554 Fed. App'x 608, 609 (9th Cir. 2014). The holding in *Gray* is only applicable to UCL and fraudulent concealment claims because "California law instructs that a manufacturer's duty to consumers is limited to its warranty, unless a safety issue is present or there has been some *affirmative misrepresentation*."

*Gray*, 554 F. App'x at 609 (emphasis added); *see also Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1141 (9th Cir. 2012). Plaintiff's reliance on EPA estimates to support her affirmative misrepresentation claim is therefore not barred by *Gray* and Defendant's argument is unpersuasive. *Epperson*, 2023 WL 8628327, at *7 ("[I]f Plaintiff properly plead affirmative misrepresentation against Defendant, *Gray* would not bar relief[.]"). However, to the extent the Complaint relies on the alleged misrepresentations related to EPA mileage estimates to support claims under the UCL and/or for fraudulent concealment, those claims are barred by *Gray*.

**D.     Fraudulent Concealment Claim Does Not Fail as a Matter of Law**

   **i.     Economic Loss Rule**

Defendant argues Plaintiff's fraudulent concealment claim fails as a matter of law because it is barred by the economic loss rule, and any alleged emotional injuries are similarly barred as they are merely incidental to the economic loss. Mot. at 11. In her Opposition, Plaintiff asserts she pleaded non-economic damages based on anxiety and fear. Opp'n at 7.

Under the economic loss rule, "[w]here a purchaser's expectations in a sale are frustrated because the product [s]he bought is not working properly, h[er] remedy is said to be in contract alone, for [s]he has suffered only economic losses." *Robinson Helicopter Co.*, 34 Cal. 4th at 988. "The economic loss rule has been applied to bar a plaintiff's tort recovery of economic damages unless such damages are accompanied by some form of *physical* harm (i.e., personal injury or property damage)." *N. Am. Chem. Co. v. Superior Court*, 59 Cal.App.4th 764, 777 (1997) (emphasis in original).

Despite Defendant's argument, the state of the law as it relates to the applicability of the economic loss rule to claims of fraudulent concealment is not as clearly delineated as portrayed. The California Supreme Court in *Robinson Helicopter Co. v. Dana Corp.*, articulated a narrow exception to the economic loss rule, permitting tort damages for affirmative misrepresentation claims "where the contract was fraudulently induced" because "the duty that gives rise to tort liability is either completely independent of the

contract or arises from conduct which is both intentional and intended to harm." 34 Cal. 4th at 990. The Ninth Circuit in *Rattagan v. Uber Tech., Inc.* subsequently acknowledged a split among Federal district courts interpreting *Robinson*'s holding as applied to claims for fraudulent concealment. 19 F.4th 1188, 1191-92 (9th Cir. 2021). The Ninth Circuit certified the question of whether claims for fraudulent concealment are exempt from the economic loss rule under California law. *Id.* at 1193. On February 9, 2022, the California Supreme Court granted the Ninth Circuit's request, and that case remains pending. *Granting Req. for Certification*, No. S272113 (Cal. Feb. 9, 2022). Absent a binding decision by the California Supreme Court, this Court looks to the decisions of the California Court of Appeal and finds the reasoning in *Dhital v. Nissan N. Am., Inc.*, 84 Cal.App.5th 828, 841 (2022), persuasive. *See PSM Holding Corp. v. Nat'l Farm Fin. Corp.*, 884 F.3d 812, 820 (9th Cir. 2018) ("In the absence of [a decision by the state's highest court], a federal court must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance."). This Court finds persuasive the California court of appeal's reasoning in *Dhital*, finding the economic loss rule does not bar a claim where "a defendant's conduct in fraudulently inducing someone to enter a contract is separate from the defendant's later breach of the contract or warranty provisions that were agreed to." *Dhital v. Nissan N. Am., Inc.*, 84 Cal.App.5th 828, 841 (2022). This Court is not isolated in this conclusion. *Antonov v. Gen. Motors LLC*, No. 823CV01593FWSMJR, 2024 WL 217825, at *9 (C.D. Cal. Jan. 19, 2024) (collecting cases). As such, Plaintiff's fraudulent concealment claim is not barred by the economic loss rule as a matter of law.[5]

//
//

---

[5]  To be clear, the Court is not making a determination that the Complaint sufficiently alleges fraudulent conduct that is independent of Defendant's alleged warranty breaches.

### ii. Direct Economic Relationship

Defendant contends Plaintiff's fraudulent concealment claim fails as a matter of law because Plaintiff has not alleged a relationship giving rise to a duty to disclose. Mot. at 20. Plaintiff counters that the requisite transactional relationship giving rise to a duty to disclose exists because of the warranty agreement that was purchased at the time Plaintiff obtained the vehicle. Opp'n at 6-7.

To set forth a claim for fraudulent concealment, Defendant must have been under a legal duty to disclose the concealed facts. *Los Angeles Mem'l Coliseum Comm'n v. Insomniac, Inc.*, 233 Cal.App.4th 803, 831 (2015) (citing *OCM Principal Opportunities Fund, L.P. v. CIBC World Markets Corp.*, 157 Cal.App.4th 835, 845 (2007)). Absent a fiduciary obligation, a duty to disclose arises when the defendant: (1) had exclusive knowledge of the material facts; (2) actively concealed the material fact; and (3) made partial representations while also suppressing the material fact." *Id.* (citing *LiMandri v. Judkins*, 52 Cal.App.4th 326, 336 (1997)). Plaintiff asserts a duty to disclose exists under all three circumstances. However, each of these circumstances first requires the existence of a transactional relationship between the plaintiff and defendant that "must necessarily arise from direct dealings between the plaintiff and defendant; it cannot arise between the defendant and the public at large." *Bigler-Engler v. Breg, Inc.*, 7 Cal.App.5th 276, 312 (2017)).

Generally, "automobile dealerships, even manufacturer 'authorized' ones, are not necessarily agents of automobile manufacturers." *Epperson*, 2023 WL 8628327, at *9 (collecting cases that have held that automobile dealerships are not necessarily agents of manufacturers); *see also Vidana*, 2024 WL 1680064, at *6 (disregarding plaintiff's contention that there is "a transactional/contractual relationship with Defendant, or that the dealer is Defendant's agent" where plaintiff fails to plead facts establishing a direct relationship or transaction). However, the Complaint alleges Defendant "issued an express warranty," [Compl. ¶¶ 5-6], at the time of sale creating a contractual relationship, and giving rise to a duty to disclose. *Jimenez v. Gen. Motors, LLC*, No. 2:23-cv-06991 WLH

(JPRx), 2023 WL 6795274, at *4 (C.D. Cal. Oct. 13, 2023) (collecting cases) ("Courts in this circuit have held that a warranty agreement establishes a transactional relationship giving rise to a duty to disclose."). Although Defendant casts doubt at the careful wording of the Complaint as it relates to the express warranty, the Court is obligated to construe all inferences in the Complaint in the light most favorable to Plaintiff. Consequently, Plaintiff's fraudulent concealment claim does not fail as a matter of law because Plaintiff has sufficiently alleged a transactional relationship giving rise to a duty to disclose.

E. **Remaining UCL Claims (Fifth Cause of Action)**

    i. **Unlawful Prong**

Defendant contends the unlawful prong of Plaintiff's UCL claim fails because Plaintiff fails to allege any underlying statutory violation. Mot. at 22. The Complaint alleges that Defendant has engaged in unlawful business practices in violation of California Business and Professions Code Section 17500 which prohibits false or misleading statements in advertising by using a "defective battery." Compl. ¶ 121.

To establish a UCL claim under the unlawful prong, Plaintiff must show the challenged business practice must be one prohibited by law. *People v. McKale*, 25 Cal. 3d 626, 631 (1979). "To state a cause of action based on an unlawful business act or practice under the UCL, a plaintiff must allege facts sufficient to show a violation of some underlying law." *Prakashpalan v. Engstrom, Lipscomb and Lack*, 223 Cal.App.4th 1105, 1133 (2014) ("unlawful practices are practices 'forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory or court-made.' "). The alleged violations are based on misrepresentations and must therefore be pleaded with particularity. As such, to the extent Plaintiff's UCL claim relies on the same allegations in support of her fraud claims, and for the reasons discussed above, [*supra* Section III.A], Plaintiff's claims under the unlawful prong fail.

Defendant also argues that Plaintiff should not be permitted to amend her Complaint to allege a violation of the Song-Beverly Consumer Act to support her UCL claim because alleged breaches of a contractual duty are not actionable under the UCL. Mot. at 23.

1  Defendant's argument is not well-taken. Although contractual obligations alone are insufficient to form the basis of a UCL violation under the unlawful prong, *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1044 (9th Cir. 2010), Defendant's argument fails for two reasons. First, Plaintiff may predicate the UCL violation under the unlawful prong on a breach of an implied warranty under the Song-Beverly Act. *See Keegan American Honda Motor Co., Inc.*, 838 F.Supp.2d 929, 946-47 (C.D. Cal. 2012); *see also Elias v. Hewlett-Packard Co.*, No. 12-cv-00421-LHK, 2014 WL 493034, *11 n.12 (N.D. Cal. Feb. 5, 2014). Second, the "Song-Beverly Act imposes additional requirements beyond those contractual duties 'voluntarily undertaken by the parties to the contract, not imposed by state or federal law.' " *Poston*, 2024 WL 3558377 at *8 (quoting *Boland Inc. v. Rolf C. Hagen (USA) Corp.*, 685 F.Supp.2d 1094, 1110 (E.D. Cal. 2010)). As such, Plaintiff can maintain a claim under the UCL's unlawful prong for violations of the Song-Beverly Act beyond the express warranty. *Poston,* 2024 WL 3558377 at *8.

Accordingly, Defendant's motion to dismiss is granted insofar as Plaintiff's UCL claim under the unlawful prong is predicated on the fraud claim, and denied insofar as the UCL claim relies on the Song-Beverly Act.

    **ii.   Unfair Prong**

Defendant contends the unfair prong of Plaintiff's UCL claim fails because the Complaint does not reference any established public policy and does not claim that the violative conduct is "immoral, unethical, oppressive, or unscrupulous." Mot. at 15. Defendant's singular focus is misplaced.

California courts are currently unsettled regarding the definition of what conduct is considered unfair under the UCL in the consumer context. *See Davis v. HSBC Bank of Nevada, N.A.,* 691 F.3d 1152, 1170 (9th Cir. 2012) (citing *Lozano*, 504 F.3d at 736). Generally, courts employ three tests in this determination: "(1) whether the challenged conduct is 'tethered to any underlying constitutional, statutory or regulatory provision, or that it threatens an incipient violation of an antitrust law, or violates the policy or spirit of an antitrust law,' [the "tethering test"]; (2) whether the practice is 'immoral, unethical,

oppressive, unscrupulous or substantially injurious to consumers,' [the "immoral test"]; or (3) whether the practice's impact on the victim outweighs 'the reasons, justifications and motives of the alleged wrongdoer [the "balancing test"].' " *See Doe v. CVS Pharm., Inc.*, 982 F.3d 1204, 1214-15 (9th Cir. 2020) (internal citations omitted).  Some courts have also applied a fourth test from § 45(a) of the Federal Trade Commission Act (the "FTC test") which requires that "(1) the consumer injury must be substantial; (2) the injury must not be outweighed by any countervailing benefits to consumers or competition; and (3) it must be an injury that consumers themselves could not reasonably have avoided." *Camacho v. Auto. Club of S. Cal.*, 142 Cal. App. 4th 1394, 1403 (2006).  However, "other California Courts of Appeal and the Ninth Circuit have explicitly rejected the applicability of the FTC Test to consumer cases like this." *Epperson*, 2023 WL 8628327 at *6 (citing *Lozano*, 504 F.3d at 736) (noting the conflict amongst courts in the applicability of the FTC test); *but see Allen v. Hylands, Inc.*, 773 F. App'x 870, 874 (9th Cir. 2019) (in an unpublished opinion, applying the FTC test to a consumer case).

The Complaint expressly alleges that Defendant's violated the unfair prong of the UCL under the FTC test.  Compl. ¶ 98 ("[A] challenged activity is 'unfair' when 'any injury it causes outweighs any benefits provided to consumers and the injury is one that the consumers themselves could not reasonably avoid.' ") (citing *Camacho*, 142 Cal. App. 4th 1403).  Although this allegation relies on a definition of unfair conduct that was expressly rejected by the Ninth Circuit in *Lozano*, allegations of financial harm to consumers based on the defective battery *may* sustain a UCL claim under the immoral or the balancing test.  *Lozano*, 504 F.3d 736 ("Though the California Supreme Court did reference FTC's section 5 as a source of 'guidance,' that discussion clearly revolves around anti-competitive conduct, rather than anti-consumer conduct.); *see also Epperson*, 2023 WL 8628327 at *7.  Because the instant motion to dismiss only discusses Plaintiff's failure to reference an established public policy, Defendant's motion with respect to the unfair prong of the UCL claim is denied.

//

**F.     Leave to Amend**

If a court determines that a complaint fails to state a claim, leave to amend should be granted unless that the pleading could not possibly be cured by the allegation of other facts. *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995). Leave to amend shall be "freely give[n] when justice so requires." FED. R. CIV. P. 15(a)(2). "This policy is to be applied with extreme liberality." *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975, 985 (9th Cir. 2011) (quoting *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003)).

Plaintiff requested leave to amend her complaint. Opp'n. at 1. On the present record, there is no basis to conclude that the pleading could not be cured by additional allegations. For this reason, Plaintiff is granted leave to amend.

## IV.
## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED in part and DENIED in part**. Plaintiff may file an amended complaint that comports with this Order on or before September 12, 2024.

**IT IS SO ORDERED.**

DATED: August 22, 2024

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE